IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SIR DOUGLAS D. DISMUKE, # 12375-424,

      Petitioner,

vs.                                       Case No. 13-cv-1045-DRH

JEFFREY S. WALTON,

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in the United States Penitentiary at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his sentence. The petition was filed on October 7, 2013.

Petitioner claims that in light of the Seventh Circuit's recent decision in *United States v. Miller*, 721 F.3d 435 (7th Cir. 2013), his Illinois felony conviction for possession of a sawed-off shotgun should not have been considered a "crime of violence" for the purpose of enhancing his federal sentences under the Armed Career Criminal Act. Petitioner pled guilty to armed robbery in the Northern District of Illinois in two cases, and was sentenced to concurrent 252-month sentences in each, based in part on the sawed-off shotgun conviction. *United States v. Dismuke*, Case No. 03-cr-50010 (N.D. Ill. May 1, 2003); *United States v. Dismuke*, Case No. 02-cr-50061 (N.D. Ill. May 1, 2003).

Since his sentencing, petitioner has raised numerous challenges to the enhanced sentence, to no avail. However, circuit law has now changed with regard to whether mere possession of a sawed-off shotgun constitutes a violent felony for sentence enhancement purposes. Petitioner argues that this development brings his claim within the "savings clause" of 28 U.S.C. § 2255(e) such that he may seek relief under 28 U.S.C. § 2241.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings. Petitioner's motion requesting the appointment of counsel (Doc. 2) is also referred to the magistrate judge for consideration.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 29, 2013**

David R. Herndon
2013.10.29
14:11:27 -05'00'

**Chief Judge**
**United States District Court**