IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SIRDOUGLAS D. DISMUKE,**         )
                                  )
          **Petitioner,**         )
                                  )
**vs.**                            )        **Civil No.  13-cv-1045-CJP**[1]
                                  )
**JEFFREY S. WALTON,**             )
                                  )
          **Respondent.**         )

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Sirdouglas D. Dismuke pleaded guilty to two charges of armed bank robbery in two separate cases in the Northern District of Illinois.[2]  In May, 2003, he was sentenced to 252 months imprisonment in each case, to be served concurrently.  See, Doc. 11, Ex. 4 & 5.  The sentences reflected a career offender enhancement under U.S. Sentencing Guideline §4B1.1.  The enhancement was based on a prior felony drug conviction and a conviction for possession of a sawed-off shotgun by a convicted felon.

Dismuke has filed a petition for habeas relief pursuant to 28 U.S.C. §2241, asserting that career offender enhancement was improper because his prior conviction for possession of a sawed-off shotgun does not constitute a crime of violence.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 14.

[2] The Court uses the spelling of petitioner's first name that is used by the Seventh Circuit, the Northern District, and the BOP.  See, Exhibits attached to Doc. 11 and http://www.bop.gov/Locate/, accessed on December 27, 2013.

The United States concedes, correctly, that Dismuke may bring his claim under §2241, and, further, that he is entitled to habeas relief in the form of resentencing.

### Analysis

U.S. Sentencing Guideline § 4B1.1 increases the sentencing range for a defendant who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  The sentencing judge regarded his prior conviction of felon in possession of a sawed-off shotgun as a crime of violence.   This was certainly correct under the law as it existed at the time Dismuke was sentenced, since binding Circuit precedent compelled that conclusion.  See, **U.S. v. Brazeau 237 F.3d 842, 844-845 (7th Cir. 2001).**  Dismuke argued on direct appeal that possession of a sawed-off shotgun did not constitute a crime of violence.  Relying on **Brazeau**, the Seventh Circuit summarily affirmed his sentence in November, 2003.  Doc.  11, Ex. 4, p. 4.

After Dismuke was sentenced, the Supreme Court decided **Begay v. United States, 128 S. Ct. 1581 (2008)**.  That case changed the analysis of whether a crime constitutes a crime of violence for purposes of  the residual clause of the Armed Career Criminal Act, 18 U.S.C. §924(e)(1).   The law was further refined in **Sykes v. United States, 131 S. Ct. 2267 (2011)**.

This case presents the rare situation in which a federal prisoner can challenge his sentence pursuant to 28 U.S.C. §2241.  Ordinarily, a federal prisoner's challenge to the validity of his sentence must be brought in the district

of conviction via a motion pursuant 28 U.S.C. §2255.   However, §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e). See, **United States v. Prevatte, 300 F.3d 792, 798–99 (7th Cir. 2002)**.

**Begay** applies retroactively to cases on collateral review.   **Narvaez v. U.S., 674 F3d 621, 625-626 (7th Cir. 2011)**.   Following **Begay,** "the erroneous application of the mandatory career offender Guideline is a fundamental sentencing defect that can be remedied under § 2241." **Brown v. Caraway, 719 F.3d 583, 587 (7th Cir. 2013).**   The government concedes that Dismuke's case is indistinguishable from **Brown**, and that his claim is cognizable in a §2241 petition.

The government further concedes that Dismuke's argument that he was improperly categorized as a career offender is well-taken.  The Seventh Circuit applied the reasoning of **Begay** in **Brown**, *supra*, and in **Narvaez v. U.S., 674 F.3d 621 (7th Cir. 2011)**, cases involving the career offender enhancement.  In **U.S. v. Miller, 721 F.3d 435, 437 (7th Cir. 2013)**, the Seventh Circuit held that "mere possession of a short-barreled shotgun is not a violent felony for purposes of ACCA [Armed Career Criminal Act, 18 U.S.C. §924(e)(1)]."   Both the ACCA and the career offender guideline define violent felony in the same way.  Therefore, possession of a sawed-off shotgun is not a violent felony for purposes of the career offender guideline either.  Thus, Dismuke is entitled to be resentenced.

## Conclusion

Sirdouglas D. Dismuke's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 **(Doc. 1)** is **GRANTED**.

Petitioner is ordered remanded to the custody of the U.S. Marshal for transport to the Northern District of Illinois for resentencing.

The Clerk of Court shall enter judgment accordingly.  The Clerk shall also provide copies of this order to the U.S. Marshal and to the Clerk of the Northern District of Illinois.

The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE:      December 27, 2013.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**